STEPHANIE A. LICKEL, ESQ. SB# 217469
LAW OFFICE OF STEPHANIE A. LICKEL
3533 Fairmount Ave
San Diego, CA 92105
Telephone:  (619) 550-2384
Fax:       (619) 546-0792

Attorney for Material Witnesses: Jingjing Wei and Aihua Chen

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 3:19-CR-04249-WQH<br>Magistrate Case: 3:19-mj-04198-BLM |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VIDEOTAPED DEPOSITION AND RELEASE OF MATERIAL WITNESSES JINGJING WEI AND AIHUA CHEN** |
| vs. | |
| Nailah Rejean MCDUFFIE | |
| Michael Adare REED | |
| Defendants. | Date: November 21, 2019<br>Time: 9:30 A.M.<br>Judge: Hon. Barbara Lynn Major |

The Material Witnesses, Jingjing WEI and Aihua CHEN, by and through their attorney, Stephanie Lickel, submit the following Memorandum of Points and Authorities in support of this motion to allow videotaped depositions.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On or about September 26, 2019, Material Witnesses were detained by the government in connection with the arrests of Defendants, Nailah Rejean MCDUFFIE and Michael Adare REED. The Material Witnesses have remained in custody since their arrest.

It is unnecessary to keep the Material Witnesses in the United States because their testimonies can be preserved through the use of videotaped depositions. Therefore, the Material Witnesses request a court order allowing them to have their testimonies preserved through the use of videotaped depositions and, thereafter, allowing them to return to their country of origin.

### II.

### STATEMENT OF FACTS

On September 26, 2019, material witnesses Jingjing WEI and Aihua CHEN ("Material Witnesses") were apprehended and arrested along with the defendants, Nailah Rejean MCDUFFIE and Michael Adare REED ("Defendants").

On September 26, 2019, at approximately 11:50 P.M., a United States Customs and Border Protection (CBP) Officer was conducting pre-primary roving operations at the San Ysidro, California Port of Entry vehicle primary lanes. The CBP Officers made contact with a black Nissan Xterra bearing California license plates being driven by Defendant MCDUFFIE, and passenger, DEFENDANT

Memorandum of Points and Authorities for          Page 2 of 7          Case No.: 3:19-CR04249-WQH
Motion for Videotaped Deposition                                        Magistrate Case: 3:19-mj-04198-BLM

REED, both United States citizens. Defendant MCDUFFIE presented a California driver's license, and Defendant REED presented a California identification card and stated they were going home to San Diego with nothing to declare from Mexico. The CBP Officer asked what they were doing in Mexico, and Defendant REED stated they both went to a gentlemen's club called Hong Kong. The CBP Officer conducted an inspection of the undercarriage of the vehicle and noticed what appeared to be a coat hanging as if it was going into the gas tank of the vehicle. The CBP Officer also noticed that the gas tank tapped solid. Defendants were handcuffed for officer safety and escorted into the security office for further inspection, and the vehicle was driven to secondary by a CBP Officer.

In secondary, CBP Officers conducted an inspection of the vehicle and discovered two individuals concealed in the rear undercarriage cargo area of the vehicle. They were assisted out of the compartment and later identified as Material Witnesses, both determined to be citizens of China without documents to enter or remain in the United States legally. Material Witnesses and Defendants were placed under arrest.

Defendants were charged with Bringing in Illegal Alien(s) Without Presentation Title 8, USC Section 1324(a)(2)(B)(iii). On September 27, 2019, a complaint was filed against Defendants.

On September 30, 2019, bond was set for Defendants.

On October 1, 2019, Defendant MCDUFFIE was released on bond.

On October 2, 2019, an arraignment of Material Witnesses was held before Magistrate Judge Michael S. Berg. Material Witness Bond for WEI was set at $5,000 P/S with 10 percent cash deposit. Material Witness Bond for CHEN was set at $5,000 P/S with 10 percent cash deposit.

///

## III.

## POINTS AND AUTHORITIES

### THE TESTIMONY OF THE MATERIAL WITNESSES CAN BE TAKEN BY VIDEOTAPED DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP THEM IN CUSTODY

The Court has authority to order the depositions of material witnesses and release them when the deposition concludes under 18 U.S.C. section 3144, which states:

> no material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can be adequately secured by deposition and if further detention is not necessary to prevent a failure of justice.

18 U.S.C. § 3144.

Federal Rule of Criminal Procedure section 15(a) requires only that a material witness make a written motion requesting the deposition, as has been done here, and the District Court can order the taking of the deposition(s) and the witnesses' release from custody afterwards. Fed. R. Crim. P. 15(a). The videotaped depositions of material witnesses may be admitted into evidence in an action for violation of 8 U.S.C. section 1324(a). 8 U.S.C. §1324(d).

The Fifth Circuit clarified the process in *Aguilar-Ayala v. Ruiz*, explaining:

> Read together, Rule 15(a) and section 3144 provide a detained witness with a mechanism for securing his own release. He must file a "written motion", Fed. R. Crim. P. 15(a), requesting that he be deposed. The motion must demonstrate that his "testimony can adequately be secured by deposition" and that "further detention is not necessary to prevent a failure of justice". 18 U.S.C. Section 3144. Upon such showing, the district court must order his deposition and prompt release. *Id*. ("No material witness may be detained" if he makes such a showing). Although Rule 15(a) is couched in

Memorandum of Points and Authorities for       Page 4 of 7       Case No.: 3:19-CR04249-WQH
Motion for Videotaped Deposition                                 Magistrate Case: 3:19-mj-04198-BLM

the permissive "may" not the mandatory "shall", Fed. R. Crim. P. 15(a) ("the court...may direct that the witness' deposition be taken"), it is clear from a conjunctive reading with section 3144 that the discretion to deny the motion is limited to those instances in which the deposition would not serve as an adequate substitute for the witness's live testimony: a "failure of justice" would ensue if the witness was released...absent that, the witness must be released.

*Aguilar-Ayala*, 973 F.2d 411, 413 (5th Cir. 1992).

Similarly, in *Torres-Ruiz v. U.S. District Court for the Southern District of California*, the Ninth Circuit mandated the use of videotaped depositions when the material witness's testimony can be adequately secured by deposition and further detention is not necessary to prevent the failure of justice. 120 F.3d. 933 at 935 (9th Cir. 1997); *see also* 18 U.S.C. § 3144. In *Torres-Ruiz*, a routine alien smuggling case, as is the situation here, the Ninth Circuit also emphasized that denial of a motion to videotape a witness's testimony is limited to situations in which such a "failure of justice" would occur because the deposition would not serve as an adequate substitute for a witness's live testimony. *Torres-Ruiz*, 120 F.3d at 936-37.

As depositions of material witnesses may be used at trial in criminal cases, it is only in exceptional circumstances where the interests of justice will be denied, and that a videotaped deposition would be rendered inappropriate. *See* IIRIRA § 219 (admissibility of videotaped depositions); *see also United States v. King*, 552 F.2d 933 (9th Cir. 1976), *cert. denied*, 430 U.S. 966. The Defendant, who is to be ordered to be present with counsel at the videotaped deposition, will have a full and fair opportunity to cross-examine the witness(es). Thereafter, the videotaped recording(s) provides sufficient indicia of reliability to provide the trier of fact a satisfactory basis for evaluating the truth of a statement. *See Dutton v. Evans*, 400 U.S. 74, 89 (1970).

///

The burden, therefore, is on the objecting party to show that the use of recorded deposition testimony would deny the Defendant a fair trial and the live testimony would somehow be significantly different from that taken at the deposition. *See U.S. v. Rivera*, 859 F.2d 1294, 1208 (4th Cir. 1988) *cert. denied,* 490 U.S. 1020 (1989).

Furthermore, this objection can only be made *after* the deposition(s) has been taken, not before. The deposition procedure followed in this District clearly sets out the specific requirements under which the deposition(s) takes place, including the requirement that the defendant participates and has the opportunity to cross-examine the witness(es). Defendant's confrontation rights are thus preserved with this standard procedure. Moreover, any objections to use of the deposition testimonies can be raised at trial.

## IV.

### IF THE COURT DENIES THE MATERIAL WITNESSES' REQUEST TO TAKE THEIR VIDEOTAPED DEPOSITION, THEY HEREBY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY MUST REMAIN IN CUSTODY

Where a witness has been in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released with or without the taking of a deposition. (F.R.C.P., Rule 46(h).)

The Material Witnesses are not aware of any reason why they should remain in custody, but to the extent the government knows of any such reason, the Material Witnesses hereby request that the government provide them with copies of biweekly written reports indicating these reasons.

///

## V.
## ADDITIONAL ORDERS REQUESTED

Due to strategies used by certain defenders in material witness cases, the Material Witnesses request the Court set discovery deadlines, as will be elaborated upon in oral argument.

## VI.
## CONCLUSION

As of the hearing date, the Material Witnesses will have been in custody for 8 weeks, although not charged with any crimes. For the foregoing reasons, the Material Witnesses respectfully request that the motion for the taking of videotaped depositions be granted. In the alternative, the Material Witnesses request that they immediately be provided with a statement of reasons why they need to remain in custody.

Dated: November 8, 2019                    /S/ STEPHANIE LICKEL
                                           Attorney for Material Witnesses
                                           E-MAIL: stephanielickel@gmail.com